IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**LARRY MARKER,**

    **Plaintiff,**

**v.**                                                                  **2:24-cv-00071-DHU-JFR**

**MAGGIE TOULOUSE OLIVER,**
**and RAUL TORREZ.**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 4). Plaintiff Larry Oliver ("Plaintiff") filed an Emergency Petition for a Writ of Mandamus on January 19, 2024, asking this Court to require the Defendants, Maggie Toulouse Oliver and Raul Torrez ("Defendants"), to hold a referendum on six laws in the 2024 New Mexico General Election. For the reasons stated below, Defendants' motion is GRANTED.

Defendants' motion argues that this Court lacks jurisdiction over the mandamus for three reasons: (1) this Court does not have mandamus power over state officials or state courts, (2) this court lacks jurisdiction under the *Rooker-Feldman* doctrine because the petition asks the Court to review a final decision rendered in state court,[1] and (3) this matter should be dismissed under the *Younger* abstention doctrine because the petition asks this Court to render relief that Petitioner is contemporaneously seeking in the New Mexico Supreme Court.[2] Doc. 4 at 3.

---

[1] This doctrine refers to the holdings in the two cases: *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923) and *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[2] This doctrine refers to the holding of *Younger v. Harris*, 401 U.S. 37 (1971).

First, the Court notes that Plaintiff did not respond to this motion. While Plaintiff filed a Notice of Completion of Briefing (Doc. 8), he neither made any substantive arguments in this notice that would address Defendants' motion, nor did he file any other document in response. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." Local R. Civ. P. 7.1 (a). In the District of New Mexico, a response to a motion must be served and filed within fourteen (14) calendar days after service of the motion. Local R. Civ. P. 7.4(a) and Fed. R. Civ. P. 6(a), (d). Defendants' motion was filed on February 23, 2024, and therefore a response was due on March 8, 2024. Given that it is April 12, 2024, the deadline to file a response has passed and therefore Defendant Marker has constructively consented to Defendants' motion.

However, even if the Court were to assume that Plaintiff opposes this motion and were to evaluate it on its merits, the Court would dismiss the action because the Court lacks jurisdiction over this matter. While Defendants make three arguments regarding this Court's jurisdiction, the Court need not go further than their first argument, that this Court cannot issue writs of mandamus to state officials. *See Adkins v. Kansas Comm'n on Judicial Qualifications*, 510 Fed. Appx. 700, 706 (10th Cir. 2013) (Federal "district courts lack power to issue a writ of mandamus to state officials[.]") Defendants are state officials.[3] Given that the case law is clear, and that this Court does not possess the power to do what Plaintiff requests, the Court will **GRANT** Defendants' motion to dismiss (**Doc. 4**).

**IT IS SO ORDERED.**

_____
HON. DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

---

[3] Defendant Oliver is the New Mexico Secretary of State and Defendant Torrez is the New Mexico Attorney General.